LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

**UNITED STATES DISCTRICT COOURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAMONA BROOKS; an Individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, a Corporation; JOHNSON & JOHNSON CONSURMER COMPANIES, INC., a Corporation; IMERYS TALC AMERICA, INC., a Corporation and DOES 1 through 50, inclusive.<br><br>Defendants. | **PLAINTIFF'S COMPLAINT FOR**<br><br>**(1)** **STRICT LIABILITY-FAILURE TO WARN;**<br>**(2)** **NEGIGENCE TALC;**<br>**(3)** **NEGLIGENCE JOHNSON & JOHNSON;**<br>**(4)** **BREACH OF EXPRESS WARRANTY;**<br>**(5)** **BREACH OF IMPLIED WARRANTY;**<br>**(6)** **NEGLIGENT MISREPRESENTATION**<br>**(7)** **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**PLAINTIFF DEMAND JURY TRIAL** |

**TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

PLEASE TAKE NOTICE that Plaintiff RAMONA BROOKS is filing her Complaint against Defendants JOHNSON & JOHNSON, INC; JOHNSON & JOHNSON CONSUMER COMPANIES, INC and IMERY'S TALC AMERICA, INC and DOES 1 through 50 inclusive, further identified as follows:

## **THE PARTIES**

1. Plaintiff Ramona Brooks ("Ramona") is a resident of Los Angeles County, California. At all pertinent times, including from approximately 01/01/1968 to 01/01/2001, Ramona purchased and applied talcum powder in the States of California. Subsequently, Ramona was diagnosed with ovarian cancer, which developed in the State of California. Ramona developed ovarian cancer, and suffered effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective

nature of talcum powder and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of talcum powder. As a direct and proximate result of these injuries, Ramona has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Ramona has otherwise been damaged in a personal and pecuniary nature. At all pertinent times, Ramona applied talcum powder in the States of California.

2. The Defendant, Johnson & Johnson, is a New Jersey corporation with its principal place of business in the State of New Jersey.

3. At all pertinent times, Johnson & Johnson was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all pertinent times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of California and the County of Los Angeles.

4. The Defendant, Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.

5. At all pertinent times, Johnson & Johnson Consumer Companies, Inc. was engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing the PRODUCTS. At all pertinent times, Johnson & Johnson regularly transacted, solicited, and conducted business in all States of the United States, including the State of California and the County of Los Angeles.

6. Johnson & Johnson, Inc. and Jonson & Johnson Consumer Companies, Inc. are collectively referred to as "Johnson & Johnson" herein.

7. The Defendant, Imerys Talc America, Inc., f/k/a Luzenac America, Inc., ("Talc") is a Delaware corporation with its principal place of business in the State of California.

8. At all pertinent times, Imerys Talc America, Inc., f/k/a Luzenac America, Inc., has been in the business of mining and distributing talcum powder for use in talcum powder

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

based products, including the PRODUCTS. Imerys Talc is the successor or continuation of Luzenac America, Inc., and Imerys Talc America, Inc. is legally responsible for all liabilities incurred when it was known as Luzenac America, Inc.

9. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 50, inclusive, and for that reason, names said defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of the fictitiously named defendants when such information is ascertained. Plaintiff is informed and believes, and thereon alleges, that the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and for the damages sustained by Plaintiff as herein alleged. Defendants DOES 1 through 10, inclusive, have, or claim to have an interest in the property subject to the trust deed described below.

10. This Court has jurisdiction over Defendants because they do business in and have extensive contacts with Los Angeles County.

11. All causes of action stated herein arose in Los Angeles County, California because Defendants conduct activities in the City of Los Angeles. Accordingly, venue of this action is proper pursuant to California Code of Civil Procedure §393.

## STATEMENT OF FACTS

12. In this case, Ramona was born into the era of Johnson & Johnson baby powder.

13. In January of 1968 at the prime toddler age Ramona's mother frequently used the Johnson & Johnson powder in her vaginal area.

14. Thereafter, Ramona believed that the use of Johnson & Johnson baby powder was a "tradition" was handed down to me as a young girl and continued on throughout my life as an adult.

15. Specifically, Ramona remembers being taught to bathe with soap and water, dry off with a towel, and place power my vaginal area with Johnson and Johnson baby powder to be fresh.

16. From the 1970's to recently the commercials of Johnson & Johnson power product was well known for use on the female body.

17. Furthermore, at that time the issues and problems of the Johnson & Johnson baby powder were unknown and undiscovered until recently.

18. Nonetheless, shockingly, Ramona began to have very heavy periods where she would need to take off from school then later take off from work during her cycle because of an extremely heavy flow and excruciating pain.

19. Once Ramona got married, she tried to conceive only to lose her child then unfortunately, her husband divorced her because he wanted to start a family but Ramona was unable to give her a child.

20. Thereafter Ramona had two miscarriages in my life and often wondering why it was so hard for her to conceive and carry children.

21. Ramona's medical records provides evidence of partial hysterectomy numerous tumors, in fact one of the tumors was the size of a four month old fetus in her womb.

22. After enduring excruciating pain, Ramona finally conceded and had her uterus removed.

23. Most importantly, Ramona's doctor informed Ramona that she aware of similar cases involving cancer and talcum powders, specifically the use of Johnson & Johnson baby powder.

24. The doctor diagnosed that due to the use of Johnson & Johnson baby powder caused the migration of asbestos in talcum powder which attaches itself and causes cancerous cells to form in the uterus and ovaries of the female organs including my uterus organs.

25. After the doctor's diagnosis, Ramona requested that an examination of her uterus tissue in order to discover the root reasons and cause for her inability to procreate.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

26. Unfortunately, the examination confirmed Ramona's suspicions, however, the suspicions became facts that the tissue was cancerous and infected due to the use of the Johnson & Johnson baby powder.

27. Thus, Ramona believes that Johnson & Johnson as well as Talc is accountable for knowingly keeping a product on the market that was causing harm to women

28. Johnson & Johnson reckless acts of putting profits before public health is an erosion of the public trust that has tremendously and negatively impacted Ramona's life.

29. Due to the acts of Johnson & Johnson and Talc cause a permanent disability by severely damaging her uterus which has to be completely removed because of the tumors in her uterus.

30. As a result Ramona is permanently damages for life.

31. Further as a result of negligent and other wrongful conduct Ramona endures an irreparably harm due to the use of the contaminated Johnson & Johnson powder ("powder").

32. Thus, Plaintiff files this case to redress her harm and damages against the Defendants.

## FIRST CAUSE OF ACTION

### STRICT LIABILITY – FAILURE TO WARN
### (Against All Defendants)

33. Plaintiff re-alleges and reincorporates each and every allegation contained in the general allegations and all previous paragraphs of all previous sections and causes of action this Complaint, inclusive, as though fully set forth herein.

34. Ramona establishes a prima facie claim for strict liability because she was injured by the Defendants product while using said product as intended for reasonable use.

35. It is clear and uncontestable that Defendants manufactured, mass distributed and massively sold the powder nationally and internationally.

36. Defendants' powder has the potential risk of a devastating side effect that were known or should have been known at the time that Defendants decided to manufacture and massively sale said product.

37. Further, the potential risks of the powder presented a substantially danger when the powder is properly used in its' intended foreseeable way.

38. It is obvious that Ramona and other consumers did not recognize the potential risks and side effects that would result from the use of the powder.

39. Defendants indeed failed to warn consumers, including Ramona, of the potential side effects and risks that could occur upon use of the powder.  Most, importantly there was no warning that the powder could cause uterus cancer and tumors.

40. It is clear that the average consumer did not recognize the potential risk of using the powder.

41. Defendants failed to adequately warn the Ramona of the potential harm and risk that could occur in her reproductive system.

42. Defendants' lack of properly communicating genuine instructions and bona fide warnings to the Ramona were a substantial factor in causing Ramona's permanent injuries and harm.

43. Ramona's harm was so extensive that she had to receive surgery to remove her entire uterus thus eliminating the possibly of being able to have children.

44. Thus, due to the use of Defendants' powder, Plaintiff has incurred, and will continue to incur, medical, and related expenses.

45. As a result of Defendants' failure to warn, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.

## SECOND CAUSE OF ACTION
### NEGLIGENCE
### (Talc)

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

46. Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

47. Ramona claims that she was harmed by Talc's negligence and Talc should be responsible for the harm she incurred in this matter.

48. At all pertinent times, Talc had a duty to exercise reasonable care to consumers, including herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the powder.

49. At all pertinent times, Talc manufactured and sold talc to the Johnson & Johnson Defendants, which it knew and/or should have known was then being packaged and sold to consumers as the powder by the Johnson and Johnson Defendants.

50. Further, Talc knew and/or should have known that consumers of the powder were using it to powder her private body regions.

51. At all pertinent times, Talc knew or should have known that the use of talcum powder used in the private area significantly increases the risk of ovarian cancer.

52. Moreover, Talc knew or should have known that Johnson & Johnson was not providing warnings to consumers that the use of the powder could cause the risk of ovarian cancer therein.

53. Talc was negligent in providing talc to the Johnson & Johnson Defendants, when it knew or should have known that the talc would be used in the powder, without adequately taking steps to ensure that consumers of the powder, received the information that talc possessed carcinogenic properties, which could cause risk of causing ovarian cancer.

54. As a direct and proximate result of Talc's negligence, Ramona purchased and used, as aforesaid, the powder directly and proximately caused Ramona to develop ovarian cancer.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

55. Ramona incurred medical bills, lost wages, and conscious pain and suffering and severe depression.

56. Talc's negligence caused harm to the Ramona.

57. Ramona, without any alternative was forced to remove her entire uterus because of the unfortunate results of using the powder.

58. Talc's negligence was as a direct and proximate cause of Ramona's damages.

59. Talc indeed caused the harm to Ramona.

60. As a further proximate result of the dangerous powder, Ramona has incurred, and will continue to incur, medical and related expenses.

61. As a result of Talc's negligence, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.


**THIRD CAUSE OF ACTION**
**NEGLIGENCE**
**(Johnson & Johnson)**

62. Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

63. Ramona claims that she was harmed by Johnson and Johnson's negligence and Johnson & Johnson should be responsible for the harm she incurred in this matter.

64. At all times, Johnson & Johnson had a duty to exercise reasonable care to consumers, including herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the powder.

65. At all pertinent times, Johnson & Johnson were negligent in marketing, designing, manufacturing, producing, supplying, inspecting, testing, selling and/or distributing the powder.

66. Further, Johnson and Johnson had numerous negligent failures: failing to warn Ramona of the hazards associated with the use of the powder; failing to properly test the powder

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

to determine adequacy and effectiveness or safety measures prior to releasing the powder for consumer use; failing to properly test the powder to determine the increased risk of ovarian cancer during the normal and/or intended use of the powder; failing to remove the powder from the market when Johnson & Johnson knew or should have known the powder were defective; failing to inform Ramona and other consumers the known dangers of using the powder; failing to advise Ramona how to prevent or reduce exposure that caused increased risk for ovarian cancer.

67. Here, Johnson & Johnson knew or should have known that the use of the powder used in the private area significantly increases the risk of ovarian cancer.

68. Moreover, Johnson & Johnson knew or should have known that it was not providing warnings to consumers that the use of the powder could cause the risk of ovarian cancer therein.

69. Johnson & Johnson knew or should have known that the powder was unreasonably dangerous, defective and detrimental when reasonable used for the powder's proper purpose.

70. As a direct and proximate result of Johnson & Johnson's negligence, Ramona purchased and used the powder; and that powder directly and proximately caused Ramona to develop ovarian cancer.

71. Ramona incurred medical bills, lost wages, and conscious pain and suffering and severe depression.

72. Johnson & Johnson's negligence caused harm to the Ramona.

73. Ramona, without any alternative was forced to remove her entire uterus because of the unfortunate results of using the powder.

74. Johnson & Johnson's negligence was as a direct and proximate cause of Ramona's damages.

75. Johnson & Johnson indeed caused the harm to Ramona.

76. As a further proximate result of the dangerous powder, Ramona has incurred, and will continue to incur, medical and related expenses.

77. As a result of Johnson & Johnson's negligence, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.

### FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
### PRODUCT LIABILITY, MANUFACTURING OR DEFECT
### (Against Johnson & Johnson)

78. Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

79. Ramona states that Johnson & Johnson failed to adhere to its express warranty for use of the powder.

80. Johnson & Johnson expressly warranted, through direct-to- consumer marketing, advertisements, and labels, that the powder was safe and effective for reasonably anticipated uses, including use by women in private areas of the body.

81. However, the powder was unsuitable and definitely unsafe which is very contrary to Johnson and Johnson's statements and promises.

82. Johnson & Johnson over numerous years made several statements including facts and promises via marketing and advertisement to Ramona to induce Ramona into buying and paying for the powder.

83. The powder did not conform to these express representations because they cause serious injury when used by Ramona in the private areas of her body which ultimately formed into ovarian cancer.

84. Although, Johnson & Johnson incessantly stated and marketed that the powder was safe it is clear that said statements were fallacies.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

85. As a direct and proximate result of Johnson & Johnsons breach of express warranty, Ramona purchased and used the powder that directly and proximately caused each her to develop ovarian cancer.

86. Ramona incurred medical bills, conscious pain and suffering as well as permanent injury to her reproductive system.

87. Defendants' breach of express warranty resulted in Plaintiff incurring, and will continue to incur, medical and related expenses.

88. As a result of Johnson & Johnson's breach of the express warranty, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.

**FIFTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**
**MERCHANTABILITY**
**(Against Johnson & Johnson)**

89. Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

90. Ramona states that the powder failed to have the quality that any buyer would reasonably expect.

91. Throughout her lifetime, Ramona used the powder daily.

92. Ramona regularly and habitually purchased the powder from Johnson & Johnson.

93. That at the time of the numerous purchases of the powder Johnson & Johnson was in the business of selling the powder to Ramona and other consumers.

94. Unfortunately the powder was never fit for the ordinary purpose for the use expected which is the use of said powder on the body; specially use on the private parts of the body.

95. Johnson & Johnson were fully aware, knew and had ample reason to know that Ramona was relying on Johnson & Johnson's expertise to provide a safe powder that cans be used in the private parts of her body.

96. However, much to Ramona's dismay, the powder was and is unsuitable for customer use as advertised because said proper use causes ovarian cancer and tumors.

97. Roman sustained severe injuries, including surgeries, removal of large tumors as well as the removal of her entire uterus which were all breached of the implied warranty given by Johnson & Johnson.

98. Johnson and Johnson breach of implied warranty resulted in Ramona incurring, and will continue to incur, medical and related expenses.

99. As a result of Defendants' breach of the implied warranty, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATIONS
### (Against All Defendants)

100. Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

101. Ramona fervently claims that she was harmed due to the Defendants negligent misrepresentations.

102. It is clear and uncontested that the Defendants manufactured, marketed, sold the powder to the general public.

103. Defendants, additionally, made statements and represented to Ramona that the powder was safe to use on her private areas of her body.

104. It is obvious from the facts stated herein the Defendants' representation were false and not true.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

105. Although, the Defendants may have believed that the representation was true, Defendants had no reasonable grounds for believing that the representations made regarding the powder were true when Defendants made said representations.

106. Defendants intended that Ramona would rely on this representations and buy the powder.

107. Ramona reasonably relied on the Defendants' representations about the safety of using the powder.

108. Ramona's harm was so extensive that she had to undergo surgery to remove her entire uterus.

109. Ramona's reliance on the Defendants' misrepresentations were indeed a substantial factor that cause Ramona's harm to her reproductive system.

110. Plaintiff has incurred, and will continue to incur, medical, and related expenses.

111. As a result of Defendants' failure to warn, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.

### SIXTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATIONS
### (Against All Defendants)

112. Plaintiff re-alleges and reincorporates each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action this Complaint, inclusive, as though fully set forth herein.

113. Ramona claims that the Defendants' negligent acts and conduct caused Ramona to suffer serious emotional distress; the physical pain was excruciating but the mental stress exacerbated Ramona's mental anguish.

114. Defendants' conduct was outrageous and reckless.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

115. Defendants' negligently failed to give care and warning about the terrible side effects of the powder when ultimately the powder failed to be a safe for use for Ramona.

116. Defendants acted with reckless disregard and outright unconsciousness regarding the fact that Ramona would suffer cancerous injuries thus simultaneously causing Ramona to endure emotional distress.

117. Defendants' greed caused irrational behavior by failing to make a safe powder.

118. Defendants were undoubtedly extremely and recklessly negligent with Ramona and the general public.

119. That Ramona incurred physical and mental damages from Defendants' acts and omissions in this matter.

120. That Ramona suffered serious emotional distress after the terrifying and traumatic experiences she endured after use of the powder.

121. Defendants acted maliciously and oppressively, in negligent disregard of Ramona's rights and safety thus negligently causing emotional harm to Ramona.

122. Ramona suffers severe emotional distress for the destruction of her reproductive system.

123. In this instance Defendants reckless disregard caused Ramona's serious emotional distress.

124. Defendants' negligent conduct, Ramona experiences mental anguish as well as physical pain.

125. Defendants' negligently caused emotional distress which resulted in Ramona incurring, and will continue to incur, medical and related expenses.

126. As a direct and proximate result of Defendants' conduct, Ramona suffered general damages in an amount to be determined by proof at trial.

127. As a result of Defendants' breach of the implied warranty, Plaintiff has been damaged and has suffered damages in an amount in excess of $25,000.00.

**WHEREFORE**, Plaintiff, Ramona Brooks, prays for judgment against Defendants as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For loss of earnings according to proof;
4. For punitive damages according to proof;
5. For costs of suit herein incurred;
6. For prejudgment interest;
7. For post judgment interest; and
8. For such other and further relief as the court may deem just and proper.

### JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution, and pursuant to Rule CCP§631 of the California Code of Civil Procedure.

**Respectfully Submitted**,

**LENTO LAW GROUP, P.C.**

*Joseph D. Lento*

By: _____
            Joseph D. Lento, Esquire
            Lento Law Group, P.C.
            3000 Atrium Way – Suite 200

Dated: March 26, 2021     Mt. Laurel, NJ 08054
            T: 856-652-2000
            *Jdlento@lentolawgroup.com*
            *Attorneys for Plaintiff*

**LAW OFFICES OF THEIDA SALAZAR**

By: Theida Salazar /s/
            THEIDA SALAZAR (Pro Hac to be applied for)
            2140 North Hollywood Way, #7192

Dated: March 26, 2021     Burbank, California  91510
            T: 818.433.7290
            *salazarlawgroup@gmail.com*
            *Attorneys for Plaintiff*

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510